IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH KARLSON,<br><br>                                Plaintiff,<br><br>v.<br><br>NANYANGGUANGYUMAOYIYOUXIANZEREN GONGSI, et al.,<br><br>                              Defendants. | Civil Action No. 25-cv-1845<br><br>Judge Hardy<br><br>**FILED UNDER SEAL** |

### [PROPOSED] PRELIMINARY INJUNCTION ORDER

WHEREAS, Plaintiff filed an *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Application, the evidence in the record, and the applicable law.

WHEREAS, Plaintiff filed an Ex Parte Motion for An Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

WHEREAS, on January 21, 2026, the Court entered the following Orders:

(A) (1) a temporary restraining order; (2) an order restraining assets and Merchant Storefronts, (3) an order to show cause why a preliminary injunction should not issue; and (4) an order authorizing expedited discovery against all of the Defendants identified on the attached Schedule "A", and the Third-Party Service Providers and Financial Institutions, in light of

1

Defendants' intentional and willful offerings for sale and/or sales of Infringing Products ("Application"); and

(B) Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("the Alternative Service Order");

WHEREAS, pursuant to the terms of the Alternative Service Order, all the Defendants have been served with notice of this Show Cause Hearing; and

WHEREAS, on February 17, 2026, Plaintiff, appeared for the Order to Show Cause Hearing. None of the Defendants filed responses or contested the preliminary injunction order. Further, none of the Third-Party Service Provider(s) or Financial Institution(s) appeared.

## FACTUAL FINDINGS & CONCLUSION OF LAW

1. Plaintiff's Works[1] have unique designs that are inherently distinct features, including, color, size, and shape selections, that all function as a source identifier for the Plaintiff's works. The combined distinct features of the Plaintiff's Works all support the copyright registrations issued by the U.S. Copyright Office. Photos of Plaintiff's copyrighted works along with copyright registration numbers are in Exhibit 1 to the Complaint.

2. The combined unique features—ornamental and decorative—of Plaintiff's Works comprise Plaintiff's valuable intellectual property ("IP") and all have become distinct in consumer's minds such that consumers associate this IP with Plaintiff's art.

---

[1] Plaintiff has obtained the following copyright registration on her original artwork used to market and advertise her art and products: VA 2-423-353 (Shimmering Chaos); VA 2-423-373 (Blush, Payne's Gray and Gold Metallic Abstract); VA 2-423-375 (Blush and Payne's Gray Flowing Abstract); VA 2-423-376 (White Sand Blue Sea); VA 2-423-378 (Plum Tides); VA 2-423-356 ( Golden Rivers Coaster); (collectively the "Plaintiff's Works").

2

3.  Defendants, by operating on internet-based e-commerce stores and fully interactive, commercial internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale goods featuring, displaying, and/or using the constituent elements of Plaintiff's original copyrighted works. Defendants' infringing works are virtually indistinguishable from Plaintiff's original works.[2]

4.  Plaintiff is likely to prevail on his copyright claims at trial.  Specifically, Plaintiff has presented evidence clearly demonstrating that Defendants are using, without authorization, Plaintiff's copyrighted images while promoting, selling, offering for sale and distributing knock-offs of Plaintiff's products in a willful attempt to pass off their knock-off products as genuine versions of Plaintiff's products within this district and throughout the United States by operating e-commerce stores on at least one of the Internet marketplace websites Amazon.com, Temu, and Walmart.com under their store names and seller names identified on Schedule "A" of the Complaint (the "Seller IDs").

5.  Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of products with unauthorized and unlicensed uses of the constituent elements of Plaintiff's copyrighted works.

6.  Plaintiff and consumers are likely to suffer immediate and irreparable losses, damages, and injuries.  Defendants' sale of the infringing products deprives Plaintiff of visibility online, raising costs of marketing his copyrighted works as well as costs to educate consumers

---

[2] *See* Complaint ¶ 1 for side-by-side comparison of Plaintiff's original copyrighted works and Defendants' infringing works.

about the original works. The market prices of Plaintiff's original copyrighted works are being diluted due to the low selling price of Defendants' infringing works, vastly reducing Plaintiff's profits and endangering the sustainability of his business. Defendants are additionally causing a steep degradation of the goodwill that Plaintiff has built up over years with customers. Defendants are also depriving Plaintiff of the ability to control the creative content and quality of his works as well as the ability to license the valuable copyrights.

7. There is good cause to believe that the unauthorized and unlicensed use of Plaintiff's works will continue in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the products advertised and sold by the Defendants; and that Plaintiff may suffer loss of sales for his genuine works and an unnatural erosion of the legitimate marketplace in which he operates.

8. The potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, his reputation, and his goodwill as an artist, if such relief is not issued. Courts have repeatedly held that an infringing party acts at its own peril and issuing a preliminary injunction is simply requiring the infringing party to cease doing what it had no right to do initially.[3]

---

[3] *See Phillip Morris USA Inc. v. Bros. Grocery Corp.*, 2014 U.S. Dist. LEXIS 112274, at *13 (E.D.N.Y. 2014) (citing *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010)); *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1014–15 (C.D. Cal. 2011); *Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 612 (1st Cir. 1988) (quoting *Helene Curtis Industries v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1333 (7th Cir. 1977) ("Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense 'merits little equitable consideration.'").

9. The public interest favors issuance of the preliminary injunction in order to protect Plaintiff's interests and protect the public from being injured, deceived, and defrauded by the passing off of Defendants substandard infringing goods as Plaintiff's genuine art and prints.

10. Under Pennsylvania law and Rule 64 of the Federal Rules of Civil Procedure, this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages. This Court also has the inherent authority to issue a prejudgment asset restraint when Plaintiff's complaint seeks relief in equity. According to the Copyright Act, 17 U.S.C. § 504, Plaintiff seeks, among other relief, that Defendants account for and pay to Plaintiff his actual damages and all profits realized by Defendants or statutory damages, by reason of Defendants' unlawful acts. Therefore, this Court has the authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff and preserve the Plaintiff's ability to obtain at least partial satisfaction of a judgment.

The Court having considered all of the arguments and evidence set forth in the respective parties' filings, and as discussed in Court, having found good and sufficient cause to grant the injunctive relief as set forth below, and, for the reasons set forth on the record, it is hereby ORDERED:

### I. Restraining Order

A. IT IS HEREBY ORDERED, as good and sufficient cause has been shown, the injunctive relief previously granted on January 21, and January 28, 2026, shall remain in place through the pendency of this litigation, and issuing this Preliminary Injunction (hereafter "PI Order") is warranted under 17 U.S.C. § 504, and Federal Rule of Civil Procedure 65.

Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of the Elizabeth Karlson Works in connection with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use the Elizabeth Karlson Works;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[4] Merchant Storefronts[5] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

---

[4] As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon, Temu, or Walmart, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[5] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue use of the Elizabeth Karlson Works within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"),  Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), Walmart.com USA LLC and Walmart, Inc. ("Walmart"), ("Third Party Service Provider(s)'') Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal"), Walmart d/b/a Walmart Pay ("Financial

7

Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on **Schedule "A"** hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on **Schedule "A"** hereto;[6]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in **Schedule "A"** hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions

---

[6] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court; (in order to confirm compliance with this Order, the Plaintiff is permitted leave to serve a subpoena on such Third Party Service Provider(s) and Financial Institution(s) seeking the following information: (a) Bank account and routing numbers registered and used with regard to each seller account; (b) Financial records and other documents identifying the use of third-party payment service providers such as Payoneer and Wise; (c) Dates when funds were last sent from the seller to their seller account and the respective amount transferred; (d) Dates when funds were last sent from the seller account to the seller and the respective amount transferred; (e) amount and location of the seller's assets that are in Amazon's, Temu's, or Walmart's control; and (f) all documents identifying the Defendants.

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on **Schedule "A"** hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing the Elizabeth Karlson Works;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this PI Order and the Alternative Service Order, shall remain in effect during the pendency of this action or until further order of the Court, and Plaintiff shall serve the Defendants with a copy of this PI Order in accordance with the Alternative Service Order.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace that is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained, and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within five (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C. IT IS HEREBY ORDERED, upon Plaintiff's request, within no later than five (5) calendar days of Plaintiff's request: all online marketplaces, including but not limited to, Amazon.com, Temu, and Walmart.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar to the Elizabeth Karlson Works, whether sold by the Defendant or other persons or entities.

D. IT IS HEREBY ORDERED, that upon Plaintiff's request, any Third Parties are ordered to suspend any listings of a product that Plaintiff asserts infringes the Elizabeth Karlson Works and is identified as originating from outside of the United States and unfairly competing with Plaintiff's Product.

## II. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

(2) Plaintiff may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

(3) Plaintiff may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts[7]; and

(4) Defendants' unauthorized and unlicensed use of the Elizabeth Karlson Works in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, and any products which use the Elizabeth Karlson Works.

### III. Security Bond

IT IS FURTHER ORDERED that the $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

**SO ORDERED.**

SIGNED this _____ day of _____, 2026, at _____ __.m.
Pittsburgh, Pennsylvania

_____
UNITED STATES DISTRICT JUDGE

---

[7] The data produced to Plaintiff shall include the data and documents required to be collected by the Federal Trade Commission, pursuant to 15 U.S.C. § 45(f); *See also* Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.*(Requiring Third Party Service Providers to collect and keep records pertaining to identities and locations of high volume sellers, as well as financial documents, including, W-8s and W-9s.)

# Schedule "A"

# Defendants with Store Name and Seller ID

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 1 | Nanyangguangyumaoyiyouxianzerengongsi | A3KMX5YIYKEJHD |
| 2 | Yixinxia | AXOR2VE7LB3E |
| 3 | ★★★★★ Lolvmvchi Jewelry Store | A329VMQWMVOSDM |
| 4 | 🌟🌟🌟🌟🌟 JSDKFHERI Women Fashion Clothes | A3KQEQ1QI86MPB |
| 5 | EOPUING（8-15 Delivery) | A3JI9HRLNVZSIU |
| 6 | Piehxs | AY0796JJSCLN4 |
| 7 | yunchengshiyanhuquxiaoyangshangmaoyouxiangongsi | A3JOX9X2OKZ59B |
| 8 | DGHEGTBJDBEHTB | A3IBPEY1G10F8 |
| 9 | SHOWONSKY | A1C0WW2TRBO93H |
| 10 | HUSNDFK | A2HPKCH2VG8LTA |
| 11 | rusishipin | A2QDCOCD0ECM59 |
| 12 | chaiee | A3SBL1WD1QH5TN |
| 13 | Langyupei KV | A378CDNEPY1ZYI |
| 14 | shenhuiwanju | A3O9OTTAXKNJRR |
| 15 | Remorella | A2CIVE04ID2TP |
| 16 | Re Mai | A1EKEBCAAIYC97 |
| 17 | DADFADVR（IAJDKMEK Brand Shop） | AAVLL75NRL9YS |
| 18 | StSpringrun | A1B92RN2QF7GZK |
| 19 | naiKEXU | A324WGG8V57LHP |
| 20 | Clearance Sale OF ZEFOTIM | A3S32WABNDXJ65 |
| 21 | jixueshengan | AB2B2EJNDXLLS |
| 22 | PUNFKFD | AW8JU8NWP8POE |
| 23 | MouYun Trading | A2NJX3B5CCUN9D |
| 24 | XIKUNG | A2JEBWGHSH6YBF |
| 25 | 2025 Spring Summer Sale | A23HK6JDA7SI73 |
| 26 | Zinyaha | A2FMGQXC39KL2K |
| 27 | ZWSPTO-US | A1EL78J9VTSGB9 |
| 28 | dooRr | AMTJA5MVIAJZ5 |
| 29 | Cillong | A25DXMDVWP2OL0 |
| 30 | IN'VOLAND | A3TVLUSN0S99S9 |
| 31 | HUAIRUNI | A25BYCJQBSRXDU |
| 32 | YuCang Summer Clearance 7-20 Days Deliver | A3AW5LUO0XVRPB |
| 33 | SIMSAAB | AFQ7CLQNML2GQ |
| 34 | ansZQ | AVMK95VJPAMJ0 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 35 | AnsinMoon | A16DG6WUY7T23Y |
| 36 | Meoguillat | A30D6D4338FB5F |
| 37 | YSMKQY | A8C3NIBTKMW13 |
| 38 | USzlming | A12DKLI13DMO9Z |
| 39 | Garooms-Shop | A390NQKHPQ1TO7 |
| 40 | Cheifay | A15EDYL2G1W33Z |
| 41 | Lanlan's Store | A3F6DRY62EPHNB |
| 42 | Nissens Within 7-15 Days Delivery | A3MC1S5S7SSTVC |
| 43 | Don Loong | ANQ81GVPTOHP3 |
| 44 | linjingran* | ATBPGP3X2879W |
| 45 | guangzhouweibeimaoyiyouxiangon | A1RW5GC6WTUXC6 |
| 46 | Junruann | A9U51GQXRB12K |
| 47 | Mingxuanshop | A1DYAJ5UYT6WTD |
| 48 | Chukaka | A2IBCTP0B4UDO5 |
| 49 | QianXiBaiHuo | AP1RY5CPTN0ZX |
| 50 | HuisonPinka | A12WN1W5HN5IMJ |
| 51 | ddinxxss | A3Q2M2PQB0GXOQ |
| 52 | FKSESG lightning deal of the day on Sale Clearance | A3BB8JWLXD83AO |
| 53 | woyiy | A3VGJRZNFVNWS9 |
| 54 | heiot 14x33 | A1UHN6QXQUDADD |
| 55 | DAILSA | A2576EBPPF0P1F |
| 56 | huizhangda | A3NRS29573C8SD |
| 57 | Febecool | A32X6FOWLNLMBK |
| 58 | orajaneni | A3DHYJPHZVX2LX |
| 59 | YuMoNine | A1QRD1ZI73BG1K |
| 60 | UDAUDU ➤6-12 days⤵ | A1DKIA51YN7GZ5 |
| 61 | WinZitai | A2O0VSBTRU11RM |
| 62 | TWGONE | A3KULOFH8LS9VK |
| 63 | WANGZI | A2DAJR3PWGI04X |
| 64 | Eme-rald | A3QRG7OWFY0PKA |
| 65 | Tindada | A1WSJ3BRWFEFBS |
| 66 | LeosBlue | A1HQG2V4TCJUMN |
| 67 | Loyalty_001 | AYX2MVRDV2N9V |
| 68 | YAN-yan Yi | AEGZ86863NZLW |
| 69 | Kangmarong | A2K85LZ1IYT39N |
| 70 | GloryLinkTian | A3JYM5FHDP9MI6 |
| 71 | SunNiche | A2XCYIIDVDSQ43 |
| 72 | GinFaa | AR0L00WYBD60U |
| 73 | FlourishFerry | A2DNQ1UCTX4CH |

15

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 74 | JimiJioMi | A200GPJVB1OAO9 |
| 75 | Xiao Xu Clothing and Trading | A3PT1AXDTNLEMH |
| 76 | SQBHDM | A3ALAZLCHC5HMP |
| 77 | BHOEGJI Store | A1PP6LPDYCL3EJ |
| 78 | ZephyrZest | A1ZLTWT34KKTYO |
| 79 | ZHANGJIANPINGSHOUJIKE | A1LZTKJ25UWOU3 |
| 80 | XPSJBBB | A1JOVG6FNM11HD |
| 81 | HENNIDE | A3MLICRWDD5OZR |
| 82 | huohaoqianshangmao | A2U2X9CZ8HJEZX |
| 83 | UESUIKA | AJ7BW4CEBF7H6 |
| 84 | QPayOne | A2CG8UGX4S0VD5 |
| 85 | Qi Xian Zhen Yuan Shang Mao You Xian Gong Si | A3SJW49FQD6CG6 |
| 86 | GWNDHTBL8-15DaysDelivery | A2QDCRI2IO4G26 |
| 87 | jinanjinhangwenhuachuanmeiyouxiangongsi | A2YNBIHD3HOWYN |
| 88 | ROLSINE | A3FPE00OPISTTD |
| 89 | zhuzhouzhouganshangmaoyouxiangongsi | A3JK4POMMD5NW6 |
| 90 | XiXianKeJi | A3LB8HDX34K6VE |
| 91 | XCHMK | AICW2RFOOTTHW |
| 92 | UIJAEopqh | A1PC4U1UZ4Z0JH |
| 93 | huiyushangmaoD | A14VJ7TSJBKQXN |
| 94 | EIUOWEFOU | A24250Z72DRNZD |
| 95 | suizhoushihaoweishangmaoyouxiangongsi | A3J1FDCXYERRFX |
| 96 | SLCMJM | A10JJWJH1OHKIM |
| 97 | Xbsdswza | A1KNH8DXWEZWIQ |
| 98 | Tsbibiboo | A12JL798ULGNK0 |
| 99 | Huluduum | A9UEDMIMXF36P |
| 100 | fgaiegre | A38DC85PDWF131 |
| 101 | taililongxiangmu | AUMDY9S1IMORX |
| 102 | Dream Bay | A10O8J09DIUEMY |
| 103 | SASUDOKAQLW | A33ZZ9SGZ00Q58 |
| 104 | MORCART | A34G3PS4QGF8MA |
| 105 | emny store | AFJI8QWM9JVV8 |
| 106 | gongziqian | A2ZMRIB5BHPIZN |
| 107 | Cocororo | A174E1DSB397UI |
| 108 | Vibkow-US | A2GA1L8BI249E2 |
| 109 | EaicsLaif Direct | A16VBVXB4H7PRD |
| 110 | Sosmar-US | A1M6IFBG0CSRC6 |
| 111 | Qianfangbaiyishangmao | A1C8MS3P90QHK2 |
| 112 | ya wei fu mao yi | A3HOZDRSGADN33 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 113 | JZZ trade | A37B0BVZUOR1W4 |
| 114 | Anruike | A1YYHWL7C1544T |
| 115 | CruskUIOE | A38CEA3N5111RZ |
| 116 | JEKBH | A1Y7MNQC7G5E9Z |
| 117 | FINDMAG | A1PGHUQ22VUJLM |
| 118 | Yiwushi Qiaoliu Maoyi Youxiangongsi | A3F20OZ1HCVC83 |
| 119 | FangJi Inc | A26I3F787NG4SF |
| 120 | Yue home | A2EDH5599QUD6M |
| 121 | yanglingdayuanhengweishangmaoyouxiangongsi | A1OLCF5F5V79CV |
| 122 | 24/7 store | A15M9OLDGJCHOD |
| 123 | Yeefion | A1NOMMVVD1TJX7 |
| 124 | BFSJAG | A3HT7O2WCSNHZ7 |
| 125 | CoasterShop | A346KD8ENDX6CR |
| 126 | ChuangNa | AZHGMY3TRMKZY |
| 127 | bishuihuatingliupan | A1KIWC1CNX32JS |
| 128 | Dofeng | A26L3OND0HE58T |
| 129 | JLJDP | A29XOZOBQD6PK5 |
| 130 | chengdusenyuqishipinyouxiangongsi | A3FCS2SZSL6868 |
| 131 | BZOBN-US | A3LRDOGAOQQ92K |
| 132 | CHENGMIG | A3HTETVEO1JSZE |
| 133 | ZZJYYDM store | A38906L6BBKEG5 |
| 134 | VQGHSKV | A16RODXQVORZWC |
| 135 | SmithCases | A2BLVGV7J6BQX6 |
| 136 | Fourdir | A15BHBZ5LQMVFV |
| 137 | XINhuiHHH | A8OS2XW25GP75 |
| 138 | TYDLCLTY | A29BY3PW9AJXSE |
| 139 | Vodedfy | A1AJQEZCVY2793 |
| 140 | currehad | 102612981 |
| 141 | Blczomt Fashion | 101239696 |
| 142 | Fayshoom | 101205803 |
| 143 | Chengzhi | 102685471 |
| 144 | riman | 102821053 |
| 145 | Outfit Wear Boutique | 102497511 |
| 146 | LANSGDNBSB Store | 101531875 |
| 147 | JianMei | 102746156 |
| 148 | XianningciyuanShop | 101676630 |
| 149 | ShiManDe | 101672316 |
| 150 | YOKIUASHOP | 102740497 |
| 151 | ZZwxWA Female Cloth Store | 101133224 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 152 | HuanJieSL | 102790336 |
| 153 | Fashion clothing store | 101620661 |
| 154 | HAODFUA | 102643990 |
| 155 | ygnaulu | 102590032 |
| 156 | gjutow | 101579938 |
| 157 | KDADAYHTDA | 102638460 |
| 158 | 2DXuixsh Clothing | 101243493 |
| 159 | FLDCRSW | 102661334 |
| 160 | XSrui | 102643467 |
| 161 | DVKOVI Clothing & Home | 101506405 |
| 162 | VivaBelle Styles | 102493925 |
| 163 | ERkkoi | 102603904 |
| 164 | Rkfmvd | 102639540 |
| 165 | PPCHVOY | 102716381 |
| 166 | Yishen Clothing | 101644108 |
| 167 | Yixinsihai.Co.Ltd | 101634536 |
| 168 | Chic Quarters | 101177826 |
| 169 | YANHAIGONG | 101282187 |
| 170 | Awdenio Official Store | 101525274 |
| 171 | AOOCHASLIY | 101181753 |
| 172 | ICHUANYI | 101124785 |
| 173 | REZUOFI | 101653785 |
| 174 | Chloe Wang | 102731759 |
| 175 | KMSJ | 102490111 |
| 176 | Yetbsal | 101611978 |
| 177 | ManYmbyan | 101653445 |
| 178 | Blessed store | 101615106 |
| 179 | Mr.Alex | 102871101 |
| 180 | MR,ge | 102879777 |
| 181 | Karen sales outlet | 102731814 |
| 182 | Bargain | 101263276 |
| 183 | Virmaxy LittleJoy Apparel | 101438403 |
| 184 | YLSTORE | 101410324 |
| 185 | huayuexinghan | 102757514 |
| 186 | Case mink | 101664734 |
| 187 | King rain store | 102787714 |
| 188 | FengFire | 101644338 |
| 189 | xihuangmaoyi | 101660478 |
| 190 | Liyong Trading | 101263077 |

18

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 191 | Qalabka | 101682025 |
| 192 | Chummist | 102481593 |
| 193 | LiJiaQiWireless | 101692072 |
| 194 | DongJinDingZhi | 101266970 |
| 195 | Qzuitopz | 102615317 |
| 196 | Abastado | 101648011 |
| 197 | Plain water trade | 101616046 |
| 198 | NSLGXD | 101630047 |
| 199 | TimelessCurve | 101243469 |
| 200 | MgFashion Lady | 634418219258018 |
| 201 | STB Blanket | 634418220022493 |
| 202 | XUAN XUAN UP SHOP | 634418216940762 |
| 203 | kedashi | 634418219646186 |
| 204 | TWXX | 634418222189934 |
| 205 | Case Mart | 634418214684735 |
| 206 | DDDEER HOMEGO | 634418220365880 |
| 207 | TideLeap | 634418218855306 |
| 208 | YiPlusYIY | 634418222551612 |
| 209 | Xshower | 634418220516666 |
| 210 | House of the Devil | 634418223013390 |
| 211 | BNMHJKLFF | 634418222551120 |
| 212 | JDfashion clothing | 634418221969194 |
| 213 | Enchanted Eve | 634418219397174 |
| 214 | QUANHANON | 634418220248918 |
| 215 | YJKDream Women | 634418219774084 |
| 216 | Flipped Bragi | 634418214622876 |
| 217 | GSDTERET | 634418222717256 |
| 218 | gjgjgj | 634418223562874 |
| 219 | SparkGrocA | 634418223114331 |
| 220 | Ninesvse | 634418222643230 |
| 221 | zhuhuhc | 634418222551590 |
| 222 | VerveBox | 634418222671669 |
| 223 | SwiftGroc | 634418222955735 |
| 224 | ZestGrove | 634418223055482 |
| 225 | LWSCBDCV | 634418223034111 |
| 226 | mAfom | 634418223253783 |
| 227 | Leeshineeetwo | 634418222847845 |
| 228 | Martinst | 634418223822310 |
| 229 | LESPORTSACA | 634418223647893 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 230 | QuickAPick | 634418222713940 |
| 231 | MKdfR | 634418222839433 |
| 232 | GLAHLLTHTSR | 634418223386281 |
| 233 | hduhygc | 634418222826398 |
| 234 | TTBCloud | 634418222764531 |
| 235 | HFFKPN ONE | 634418223814734 |
| 236 | FzfEm | 634418223002827 |
| 237 | JoyGrocery | 634418222805828 |
| 238 | Good stuff short sleeve | 634418219407596 |
| 239 | WTY TOP | 634418214185215 |